Filed 2/7/24  Conservatorship of the Person of Patricia G. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| Conservatorship of the Person of Patricia G. | |
| S.D. COUNTY HEALTH AND HUMAN SERVICES AGENCY, | D082420 |
| Petitioner and Respondent, | (Super. Ct. No. MH119966) |
| v. | |
| PATRICIA G., | |
| Objector and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Gill, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Objector and Appellant.

Claudia Silva, County Counsel, and Raquel Young, Deputy County Counsel, for Petitioner and Respondent.

Patricia G., a conservatee under Welfare and Institutions Code[1] section 5350, appeals her conservatorship on the grounds that the waiver of her right to a jury trial was not knowing and voluntary because the two oral waivers she provided, after her counsel already entered a waiver on her behalf, were given without each of the advisements recommended for use in criminal cases. This, she contends, violates her rights to due process. On the particular facts of this case, we disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Given the nature of this appeal, a lengthy recitation of the undisputed facts underlying the conservatorship is unnecessary.

The San Diego County Health and Human Services Agency (Agency) filed a section 5350 petition for conservatorship in May 2023. Patricia G. initially demanded a jury trial. But at a subsequent status conference hearing a few weeks later, her appointed counsel indicated his client was waiving her right to a jury. Patricia G. was not present in the courtroom when her counsel made this representation, so roughly one week later counsel asked the court to personally confirm the waiver with her client on the record. The following discussion occurred:

> "The Court: All right. Counsel, do you agree there's been an effective waiver of trial by jury? . . . .
>
> [Counsel for Agency]: Yes, your Honor. I would defer to [Patricia G.]'s counsel to explain the matter more fully, but, yes, I would agree.
>
> The Court: All right. [¶] Yes, Counsel, please.

---

1    Undesignated future references are to the Welfare and Institutions Code.

2

[Counsel for Patricia G.]: Yes, your Honor. [¶] The history is when we set it for an in-person bench trial, I did indicate on the record that [Patricia G.] is waiving a jury. [¶] I would ask the court to take a personal waiver from her before we start today, just to confirm those are still her current wishes.

The Court: All right. [¶] [Patricia G.], do you understand you have a right to a trial by jury of 12 people?

[Patricia G.]: Yes.

The Court: *And are you now giving up that right and agreeing that the hearing can be held by me?*

[Patricia G.]: Yes.

The Court: All right. No jury trial, but the hearing by the Court. And I'll be governed by the same law, of course, that the jury would be. [¶] *So you're waiving your right to a jury trial; is that correct?*

[Patricia G.]: Yes.

The Court: All right. You've had time to think about that, and that's your own personal decision; is that correct?

[Patricia G.]: Yes.

The Court: All right. Fine. I will accept that, then."
(Italics added.)

## DISCUSSION

Patricia G. contends her waiver of her right to a jury trial was invalid and her due process rights were violated because the on-the-record colloquy conducted by the court on June 20 was deficient. She bases her argument largely on the Supreme Court's decision in *People v. Sivongxxay* (2017) 3 Cal.5th 151 (*Sivongxxay*), a criminal case involving an oral waiver of the

3

right to a jury trial in which the court included "advisory" recommendations on how to ensure such a waiver was valid. (*Id.* at pp. 169–170.) She maintains the court's colloquy in this case was inadequate because it fails to satisfy the guiding standards set forth in *Sivongxxay*.

We begin our analysis by observing that there is presently a difference of opinion among appellate courts as to whether principles of due process and equal protection in conservatorship cases require a personal waiver of the right to a jury trial on the record. (Compare *Conservatorship of Heather W.* (2016) 245 Cal.App.4th 378, 383 (*Heather W.*) [required] with *Conservatorship of C.O.* (2021) 71 Cal.App.5th 894, 911 (*Conservatorship of C.O.*) [not required].) To resolve this case, however, we do not find it necessary to take sides in this debate. Neither are we required to comment on if or when the failure to comply with the "guidance" in *Sivongxxay* might affect the validity of an oral waiver, or the extent to which those principles even apply in the conservatorship context.

There are significant differences in the facts of our case compared to those in *Conservatorship of C.O.* and *Heather W.* In *Conservatorship of C.O.*, the conservatee never made a demand for jury trial, whereas in *Heather W.* the conservatee never received notice of her right to a jury trial, and consequently never waived it, on or off the record.

In this case, Patricia G. demanded a jury trial, which she subsequently waived through counsel. This waiver would ordinarily be sufficient, as an attorney may make binding representations for their client during a conservatorship proceeding. (*Conservatorship of John L.* (2010) 48 Cal.4th 131, 146–147.) On appeal, Patricia G. makes no allegations of ineffective assistance of counsel regarding the June 14 waiver. In the absence of such arguments, " '[w]e presume that counsel rendered adequate assistance and

4

exercised reasonable professional judgment in making significant trial decisions.' " (*People v. Prieto* (2003) 30 Cal.4th 226, 261.)  In accordance with that presumption, we must conclude that counsel adequately advised Patricia G. of her right to a jury trial before entering a waiver on her behalf.

To the extent that this June 14 waiver altered (i.e., withdrew) the earlier jury trial demand, counsel prudently sought to confirm Patricia G.'s wishes with the court on the record six days later.  The ensuing colloquy on June 20, under the totality of the circumstances, can only be reasonably interpreted as confirmation of the waiver that Patricia G. had already made knowingly, voluntarily, and with the advice of her counsel.  Our conclusion aligns with the nature of counsel's specific request:  that the court *confirmed* Patricia G.'s wishes on the record.  Finding counsel's prior waiver—so confirmed—to be valid, we need not address what might be required in other, different circumstances.

## DISPOSITION

The judgment is affirmed.

DATO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.